**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ZORAN ALEKSIC AND ZORANA ALEKSIC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs bring this action to secure redress from unlawful credit reporting practices of defendants Experian Information Solutions, Inc. ("Experian") and Transunion, LLC ("Transunion"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3.      Venue in this District is proper because defendants are subject to jurisdiction here.

### PARTIES

4.      Plaintiffs are individuals who reside in the Northern District of Illinois.  Plaintiffs are father and daughter, who immigrated to the United States at the same time, and were therefore assigned social security numbers that are very similar.

5.      Defendant Experian is a credit reporting agency that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

6.      Defendant TransUnion is a credit reporting agency with its principal place

of business located at 555 W. Adams, Chicago, IL 60661. Its registered agent and office are

Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL, 62703

## **FACTS**

7.      Defendants have been mixing plaintiffs' credit files with each other.  Plaintiffs

have similar first and last names, and their social security numbers differ by one digit, and

defendants' matching algorithms therefore allow this problem to occur.

8.       Plaintiffs have repeatedly disputed this with defendants over the past two years,

online, by phone and by mail, but defendants continue to insert tradelines, names and other

information belonging to the other plaintiff into plaintiffs' credit reports.

9.      On information and belief, this is occurring because the algorithms defendants use

to match information with consumer files consider information to be a match if the names are

similar and the social security numbers are less than one to two digits different.  Defendants

were well aware when they created these algorithms, that this would result in individuals like

plaintiffs, who have similar names and share most digits of their social security numbers with

each other, having their credit files mixed.

10.     Plaintiffs have repeatedly disputed each other's tradelines and information with

defendants in an effort to have the problem corrected. Ms. Aleksic also sent both copies of both

plaintiffs' ID's with one of her disputes to defendants, to no avail.

11.     At one point, Transunion told Ms. Aleksic that it had corrected the problem, but

the problem continues to recur.

12.     At present time, Mr. Aleksic is unable to obtain a copy of his own current credit

report from Transunion, apparently because his file is so mixed with that of Ms. Aleksic.

13.     Because defendants are including each plaintiffs' credit obligations on the reports

they provide to potential creditors when one of the plaintiffs applies for credit, plaintiffs have

been denied credit on the grounds that they have excessive debt, too many open credit accounts,

and too many credit inquiries.

14.     On information and belief, on multiple occasions, defendants have supplied
potential creditors with the wrong plaintiffs' credit file when plaintiffs have applied for credit,
and as result, Mr. Aleksic had at least one account in which the creditor opened the account
using  Ms. Aleksics' social security number, and Ms. Aleksic has a Chase account which was
opened using Mr. Aleksic's social security number.   When plaintiffs complained about this fact,
the creditors insisted they must use the information supplied by the credit bureaus, which on
information and belief included defendants, and not the information supplied by plaintiffs.

15.     Ms. Aleksic has also received collection calls that were intended for Mr. Aleksic,
and when she asked why they were calling her, she was informed that they got her information
from the credit bureaus, which on information and belief, included on at least one occasion
defendants.

16.     Plaintiffs have suffered actual damages in the denial of credit, and emotional
distress as a result of defendants' conduct.  Mr. Aleksic has been unable to purchase a new
vehicle for his business as a result, which has resulted in lost income.  He has also been
hospitalized for stress related illnesses, has had trouble sleeping and has experienced depression
caused by his inability to obtain credit.   Ms. Aleksic could not get a student loan without a
cosigner, and she has been denied credit.  Ms. Aleksic also suffered from lost sleep and
headaches as a result of the distress caused by defendants' conduct.

17.     Defendants have been repeatedly sued by consumers for mixing consumers'
credit files and the failure to take reasonable steps to ensure the maximum possible accuracy of
consumers' credit files.

## COUNT I  – FCRA – MAXIMUM POSSIBLE ACCURACY

18.     Plaintiffs incorporate ¶¶1-17.

19.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, defendants are required
to "follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates."

20.     Defendants willfully or negligently failed to take reasonable measures to ensure the maximum possible accuracy of plaintiffs' credit files.

21.     Defendants violated 15 U.S.C. §1681n and/or §1681o.

22.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

>       **(1)**

>>              **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

>>              **(2) such amount of punitive damages as the court may allow; and**

>>              **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

23.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

24.     Section 1681p provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**

**  (1) 2 years after the date of discovery by the plaintiff of the violation that is the**

**basis for such liability; or**
   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

      (1)      Appropriate actual, punitive and statutory damages;

      (2)      Attorney's fees, litigation expenses and costs of suit;

      (3)      Such other or further relief as the Court deems proper.

## <u>COUNT II – FCRA – IMPROPER INVESTIGATION</u>

25.      Plaintiffs incorporate ¶¶1- 17.

26.      Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, defendants are required to conduct a reasonable investigation if a consumer such as one of the plaintiffs disputes the accuracy of an item on his or her credit report.

27.      Defendants willfully or negligently (a) failed to take reasonable measures to investigate plaintiffs' disputes, and (b) failed to correct plaintiffs' credit report.

28.      Plaintiffs were damaged as a result.

29.      Defendants violated 15 U.S.C. §1681n and/or §1681o.

30.      Section 1681p provides:

**§ 1681p.  Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
   **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendants for:

      (1)      Appropriate actual, punitive and statutory damages;

      (2)      Attorney's fees, litigation expenses and costs of suit;

(3)      Such other or further relief as the Court deems proper.

## COUNT III  – FAIR CREDIT REPORTING ACT – PERMISSIBLE PURPOSE

31.      Plaintiffs incorporate paragraphs 1- 17.

32.      As described above, Experian and Transunion furnished plaintiffs' consumer report to creditors who did not have a permissible purpose for obtaining it, in that the other plaintiff was the person applying for credit.

33.      15 U.S.C. §1681b prohibits consumer reporting agencies from furnishing consumer reports to third parties except for certain enumerated "permissible purposes."

34.      By and through the acts and practices described in the paragraphs above, defendants negligently or willfully violated 15 U.S.C. §1681b.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendants for:

(1)      Appropriate actual, punitive and statutory damages;

(2)      Attorneys fees, litigation expenses and costs of suit;

(3)      Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

**VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Zorana Aleksic

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

Zoran Aleksic

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)